**\*AMENDED October 18, 2010**
**CLD-004**                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3507
_____

In re:  KELLEY NORMAN JOSEPH MALA,
                                              Petitioner

_____

Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Civ. No. 06-cv-00120)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 7, 2010

Before:  RENDELL, FUENTES, and SMITH <u>Circuit</u> <u>Judges</u>

Opinion filed: October 22, 2010
_____

OPINION OF THE COURT
_____

PER CURIAM

Petitioner Kelley Norman Joseph Mala, proceeding pro se, seeks a writ of

mandamus compelling Judge Juan R. Sanchez to recuse himself from future proceedings.

For the reasons that follow, we will deny the petition.

Mala filed suit against the defendants in the District Court in July 2006.  The case

was originally assigned to Chief Judge Curtis Gomez, who presided until reassigning the

matter to Judge Sanchez in May 2010.  After a June 2010 status conference, the court

allowed the parties to withdraw certain motions, denied the defendant's motion for summary judgment without prejudice to later refiling, and reopened discovery. On June 24, 2010, Mala filed a motion under 28 U.S.C. § 455(a) and (b), seeking Judge Sanchez's recusal. Mala claimed Judge Sanchez's case management decisions were evidence that he held a "clearly demonstrated bias" towards Mala. The District Court has not yet ruled on the recusal motion. In August 2010, Mala filed a petition for a writ of mandamus, repeating his claim that Judge Sanchez is biased against him and should be compelled to recuse. Mala has also filed a motion "requesting an immediate protective order against Judge Sanchez."

A mandamus petition is a proper means of challenging a district judge's refusal to recuse pursuant to 28 U.S.C. § 455. In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). However, mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), and the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). As such, we have recognized that it would not be appropriate to issue a writ of mandamus compelling the disqualification of a judge if a motion for recusal is pending in the district court. See In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003). Because Judge Sanchez has not yet ruled on the motion for recusal, we conclude that Mala has not yet demonstrated that mandamus relief is warranted.

We recognize that over three months have elapsed since Mala filed his motion for recusal, and that in the meantime, Judge Sanchez continues to make rulings in Mala's case. However, we cannot conclude that the overall delay in this matter rises to the level of a denial of due process. See Madden, 102 F.3d at 79 (an appellate court "may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction"). We are confident that the District Court will enter an order in due course. Accordingly, the petition is denied. *Mala's motion requesting an immediate protective order against Judge Sanchez is denied.